IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>MERCER MUTUAL INSURANCE<br>COMPANY,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-06-0487</td></tr>
<tr><td>MUA Construction, Inc.,<br><i>et al.,</i></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

Mercer Mutual Insurance Company ("Mercer") has sued Donald
Cooper for judgment declaring that MUA Construction, Inc.'s
("MUA") insurance policy with Mercer was void *ab initio* and thus
Mercer is not obligated to indemnify MUA in a personal injury
suit by Cooper in Maryland.  Pending is Mercer's unopposed
motion for summary judgment.  For the following reasons, the
motion will be denied and the case dismissed.


I.  Background

Mercer is an insurance company incorporated and licensed to
do business in New Jersey, with its principal place of business
in Mercer County, New Jersey.  Am. Compl. ¶ 2.  MUA is a

1

corporation with its principal place of business in Riverside, New Jersey.  *Id.* ¶ 5.  Cooper is a resident of Fruitland, Maryland.  *Id.* ¶ 3.

On September 30, 2004, MUA's principal Wilson Bernardes DeOliveira applied for a contractor's insurance policy with Mercer, certifying that MUA performed all of its work in New Jersey and had only one employee.  Pl.'s Mot. Ex. A (MUA's contractor's insurance policy application).

On October 1, 2004, Mercer issued policy number SCP 0005029 to MUA.  Am. Compl. ¶ 9.

On November 17, 2004, Cooper was allegedly injured when alleged MUA employee Fabricio Fernandes struck him with a backhoe at a construction site in Ocean Pines, Maryland.  *Id.* ¶ 9.

By a January 20, 2005 letter, Cooper's attorney contacted MUA and requested that a liability file be opened.  *Id.* ¶ 10.

On February 4, 2005, Cooper filed a personal injury suit against Fernandes in the Circuit Court for Worcester County, Maryland, case number 23-C-05-000136 (the "Maryland Case").  *Id.* ¶ 11.

On April 19, 2005, Mercer filed a declaratory judgment action against MUA in the Superior Court of Burlington County, New Jersey, case number BUR-L-1141-05 (the "New Jersey Case").

2

*Id.* ¶ 14.

On February 23, 2006, Mercer filed its original complaint in this case against MUA and Cooper.  Paper No. 1.

On April 26, 2006, MUA's rights relative to Mercer's policy were adjudicated by default judgment for Mercer in the New Jersey Case.  Am. Compl. ¶¶ 16, 17.

On June 7, 2006, Mercer filed its Amended Complaint, which dismissed MUA because MUA's rights under the policy were *res judicata*, and to preserve diversity jurisdiction.  *Id.* ¶ 17.

On September 2, 2006, the Maryland Case was dismissed without prejudice for Cooper's failure to effect service on Fernandes.  *Cooper v. Fernandes*, No. 23-C-05-000136 (C.C. for Worcester Count, Md. Sept. 2, 2006, Doc. No. 24).

II.  Discussion

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction."  *White v. Nat'l Union*

*Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990).

Two conditions must be met for a district court to have jurisdiction to issue a declaratory judgment: (1) "the dispute must be a 'case or controversy' within the confines of Article III of the United States Constitution--the 'constitutional' inquiry;" and (2) "the trial court, in its discretion, must be satisfied that declaratory relief is appropriate--the 'prudential' inquiry."  *Id.*

To determine whether there is an Article III controversy, the court must determine  "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

Mercer argues that although the Maryland Case has been dismissed, Maryland's three-year limitations period on Cooper's tort claims will not expire until November 17, 2007; thus, it remains possible for Cooper to sue MUA or Fernandes should he be located, and a determination of Mercer's rights would then be required.

Although it has been determined that an actual controversy

4

may exist for declaratory judgment purposes between an insurer
and a person suing the insured before such liability has been
formally adjudicated, *id*. at 274, in this case, there is no suit
pending against MUA or an alleged MUA employee.  The odds of a
controversy between the adverse legal interests of Mercer and
Cooper are thus substantially more remote now than when this
action began, enough so as to render the case no longer
justiciable for lack of an actual controversy.


III.  Conclusion

     Accordingly, Mercer's motion for summary judgment will be
denied, and the case dismissed for want of subject matter
jurisdiction.


  July 3, 2007                              /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

5